IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

Joseph Scott Carter _____, Plaintiff

v.

State of Colorado _____,

_____,

_____,

_____, Defendant(s).

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 07 2023

JEFFREY P. COLWELL
CLERK

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## PRISONER COMPLAINT

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A. **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

___Joseph Scott Carter, CDOC #157550, Centennial Correctional___
(Name, prisoner identification number, and complete mailing address)

___Facility, P.O. Box 600, Canon City, Colorado, 81215-0600___
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
_X_ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: (*Please explain*) _____

B. **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: ___STATE OF COLORADO___
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _✓_ Yes ___ No (*check one*). Briefly explain:

___Public entity is State___

Defendant 1 is being sued in his/her ___ individual and/or ___ official capacity.

2

Defendant 2: _____
          (Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*).  Briefly explain:

_____

_____

Defendant 2 is being sued in his/her ___ individual and/or ___ official capacity.

Defendant 3: _____
          (Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*).  Briefly explain:

_____

_____

Defendant 3 is being sued in his/her ___ individual and/or ___ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

___ 42 U.S.C. § 1983 (state, county, and municipal defendants)

___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

✓ Other: (*please identify*) __42 USC § 12132 Title II__

3

D. **STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Denied access to [P]rogram for [b]enefits of treatment based upon disability. 42 USC § 12132

Supporting facts:

1. In 2011 As Part of Plaintiff's Criminal Case it was determined at The Colorado Mental Health Institute Plaintiff had a Serious Hearing impairment.

2. The Criminal Case was finalized and Plaintiff was Processed at DRDC Facility on April 17 2012.

3. DRDC Medical was well aware of Plaintiff's Hearing impairment as Plaintiff could bearly Comunicate with staff.

4. DRDC Medical told Plaintiff Plaintiff it was the Duty of his Permanent Yard to Provide hearing device.

4

see attached Paper (D. 6 Pages)

D. Statement of Claims      1 of 6

5. Plaintiff was sent to San Carlos for Mental Health Treatment in 2012.

6. Plaintiff could not hear at Groups so stopped attending.

7. Plaintiff explained to Psychiatrist Joan Koprivnikar (Dr. K) that he could not hear.

8. The abusive Dr responded if the Plaintiff cant pay for a hearing aid then he is not getting one.

9. All RTP Prisoners Per Program Participants receive a loaner Television as Part of the Program.

10. Plaintiff Carter was denied a T.V. cause Staff told him if he could not hear, he did not need a T.V.

11. RTP is typically a six month Program, yet Plaintiff stayed at this Program for approximately 4 years.

12. Plaintiff unable to hear at Groups so he did not often Participate out of frustration.

D. Statement of Claims 2 of 6

13. After 2 years of complaining Plaintiff was Provided a T.V. as the rest.

14. In 2015 Plaintiff's T.V. was taken because is was volumed to loudly so Plaintiff could hear it.

15. Plaintiff was without out any violation yet a vindictive D.O.C. staff stated if the Plaintiff cant hear than the Plaintiff dont need a T.V.

16. Plaintiff was transfered to RTP Centennial in 2016.

17. Plaintiff now 4 years into a six (6) month Program constantly complained to Medical and Mental Health he could not hear.

18. Medical staff at Centennial for 4 years from 2016 - 2020 never answered Dozens of Medical kites requesting hearing aid.

19. RTP San Carlos D.O.C. staff in August 2021 in Building 3 Right, cell 31, Confinscated all Plaintiff's Medical kites, and legal documents requesting hearing assistance.

D. Statement of Claims   3 of 6.

20. Plaintiff became Psychotic and Cut his arm and wrote on the walls in blood "death to D.O.C."

21. Such hostility toward a hearing impaired person was a significant factor in the defendants' action to not provide assistance with hearing aid.

22. In early 2022 Plaintiff was transferred back to RTP Centennial.

23. Hostility toward Plaintiff's disability reached it's peak as D.O.C. unfairly confiscated a pair of headphones from Plaintiff and refused to provide T.V. claiming Plaintiff keeps it to loud.

24. The Desparate treatment toward Plaintiff based upon his impairment had a very unfair consequence.

25. Plaintiff became enraged and began to, in a Pschotic manner, threaten Federal Judges and decompensated to a state of hatred.

26. Plaintiff has missed hundreds of meals due not being able to hear is cell door swing open and meals called in early morning.

D. Statement of Claims    4 of 6

27. In Fall of 2022 this writ-writer (jailhouse lawyer) informed the distressed and hearing impaired Plaintiff that ADA Coordinator could provide Carter with a vibrating watch and headphones.

28. In November 2022 D.O.C. retaliatory conduct spoliated Plaintiff's official correspondence with ADA Coordinator or ADA Coordinator ignored requests for accommodation by intentional discrimination.

29. For almost Ten Years Defendant's Conduct can only be described as Desparate Treatment.

30. Offender at RTP Centennial Floyed Martinez is hearing impaired and RTP ADA Coordinator provided him with a vibrating watch, headphones, T.V. and a device for reading books.

31. Offender Plaintiff Carter Simular in all relevant aspects has been treated less favorably but-for- cause Carters continuous advocacy for his right under the ADA 42 USC § 12132 Title II.

Statement of Claims 5 of 6

CLAIM ONE:

ADA 12132 Title II

Plaintiff is a qualified individual with a serious hearing impairment that substantially limits one or more major life activities under 42 USC 12102(1)(A).

2. Plaintiff is a qualified individual who with or without a hearing aid, meets the essential eligibility requirments for receipt of of services or the Participation in Mental Health Program Groups at RTP Centennial.

3. Plaintiff for years has been denied access to [P]rogram at RTP Centennial for [b]enefits of Mental Health treatment based upon his serious hearing impairment disability, violating Title II of the ADA 42 USC § 12132(1)(B) Thomson v Davis, 295 F.3d 890, 897-98 (9th cir 2002)

4. Plaintiff alleges Disparate Treatment and intentional discrimination as defendants hostility

D. Statement of Claims   6 of 6

toward Plaintiff for his hearing impairment was a significant factor in the defendants' actions of purposely allowing to miss Dining activities and group treatment. <u>Love v. Westville Correctional Center</u> 103 F.3d 558 560 (7th cir 1996)

    5. Plaintiff claims Defendant's destruction of legal documents in fact ¶ 19 also violated Plaintiff's First and Fourteenth Amendment rights to access to the Courts by interference with access to the Judicial Process. <u>United States v. Georgia</u> 546 U.S. 151; 126 S.Ct. 877 (2006)

    6. Plaintiff claims Title II validly abrogates State Sovereign immunity " [I]nsofar as Title II creates a private cause of action for damages against the States Conduct that actually violates the Fourteenth Amendment."). <u>U.S. v Georgia</u> 546 U.S. at 155-60

### E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? _y_ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): Federal Government United States, State Gov. of Colo., Pres. Trump, Colo. Gov. Hickenlooper

Docket number and court: 18-cv-00421-GPG

Claims raised: Elements of Fed Gov. Committed 9-11 Attacks

Disposition: (is the case still pending? has it been dismissed?; was relief granted?) Dismissed with Prejudice

Reasons for dismissal, if dismissed: Court Asserted Frivolous

Result on appeal, if appealed: Not Appealed.

See attached Pages (E. 2 Pages)

### F. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

___ Yes ___ No (*check one*) Not Applicable in This Matter

Did you exhaust administrative remedies?

___ Yes ___ No (*check one*) Not Applicable in This Matter

5

"E. Previous Lawsuits"                 1 of 2

1. Name(s) of Defendant(s) in Prior Lawsuit: Nicole Gellar, Kristen L. Mix

2. Docket Number and Court Name: 17-cv-01366-GPG / 17-cv-01366-LTB U.S. D.C. 10th Cir. Denver

3. Claims raised in Prior Lawsuit: Deprivation of Right to Respond, Illegal representation of Plaintiff by opposing counsel

4. Disposition of Prior Lawsuit: Dismissed without Prejudice

5. If Prior Lawsuit was Dismissed, when was it dismissed and why? Dismissed August 21, 2017 For Failure to comply with Fed.R.Civ.P. rule 8(a) and (d)(1).

6. Result(s) of any appeal in the Prior Lawsuit: Appeal Prohibited by Court

---

1. Name(s) of Defendant(s) in Prior Lawsuit: John Scoleri, Lisa Toep, Julie Meeker

2. Docket Number and Court Name: 17-cv-01361-GPG / 17-cv-01361-LTB U.S. D.C. 10th Cir. Denver

3. Claims Raised in Prior Lawsuit: Illegal Involuntary Medication Actions

4. Disposition of Prior Lawsuit: Dismissed without Prejudice, Dismissed January 25, 2018.

5. If Prior Lawsuit was Dismissed, when was it Dismissed and why? Dismissed January 25, 2018 For Failure to comply with Fed.R.Civ.P. rule 8(a) and (d)(1).

6. Result on appeal in the Prior lawsuit: Appeal Prohibited by Court

---

1. Name(s) of Defendant(s) in Prior Lawsuit: Julie Meeker

2. Docket Number and Court Name: 16-cv-01632-GPG / 16-cv-01632-LTB U.S. D.C. 10th Cir. Denver

3. Claims Raised in Prior Lawsuit: Deprivation of Rights, Predetermined Hearings, Due Process

4. Disposition of Prior Lawsuit: Dismissed without Prejudice

5. If Prior Lawsuit was Dismissed, when was it Dismissed and why? Dismissed December 27, 2016, for Failure to comply with Fed.R.Civ.P. Rule 8(a) and (d)(1).

6. Result(s) of any Appeal in Prior Lawsuit: Appeal Prohibited by Court

5A

"E. Previous Lawsuits"     2 of 2

1. Name(s) of Defendant(s) in Prior Lawsuit: Joan Koprivnikar
2. Docket Number and Court Name: 15-cv-00435-KLM  U.S. D.C. 10th Cir. Denver
3. Claims raised in Prior Lawsuit: Deprivation of Procedural due Process rights
4. Disposition of Prior Lawsuit: Dismissed without Prejudice
5. If Prior Lawsuit was dismissed, when was it Dismissed and why? Dismissed in 2017. Dismissed under caselaw provisions that ruling in favor of Plaintiff would call into question criminal conviction and sentence
6. Result(s) of any Appeal in the Prior Lawsuit: Appeal Prohibited by Court

---

1. Name(s) of Defendant(s) in Prior Lawsuit: Kathryn Ann Herold  20th Judicial District Courts of Boulder Colorado
2. Docket Number and Court Name: 14-cv-02633-BNB  U.S. D.C. 10th Cir. Denver
3. Claims Raised in Prior Lawsuit: Deprivation of Rights
4. Disposition of Prior Lawsuit: Dismissed without Prejudice
5. If Prior Lawsuit was dismissed, when was it Dismissed and why? Dismissed November 6, 2014, due to Not First invalidating Conviction
6. Result(s) of any Appeal in Prior Lawsuit: Appeal Prohibited by the Court

---

1. Name(s) of Defendant(s) in Prior lawsuit: Sharron Allen
2. Docket Number and Court Name: 11-cv-01149-CMA-BNB  U.S. D.C. 10th Cir. Denver
3. Claims Raised in Prior Lawsuit: Malpractice - Unconstitutional Drugging
4. Disposition of Prior Lawsuit: Dismissed without Prejudice
5. If Prior Lawsuit was Dismissed, when was it Dismissed and why? Dismissed January 6, 2012 due to Failure to state a claim under Fed. R. Civ. P. rule 8
6. Result(s) of any Appeal in Prior Lawsuit: Appeal Prohibited by Court

5B

G. **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Plaintiff request the following Relief on the attached Page

"G Request FOR RELIEF" (1 Page)

H. **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

January 22, 2023
(Date)

(Form Revised December 2017)

6

## "G REQUEST FOR RELIEF"

WHEREFORE, Plaintiff requests that the Court grant the following relief:

    A. Issue an injunction ordering defendants or their agents to:

        1. Immediately arrange for Plaintiff's need for hearing impairment so he can remain safe and participate in Mental Health Programs and get treatment.

    B. Award Compensatory damages in the following amounts:

        1. $80,000 jointly and severally against defendant State of Colorado for years of grave violations of the Americans with Disability Act of 1990

    C. Grant such other relief as it may appear that Plaintiff is entitled.